RAWLEY *v.* SOUTHERN PAC. R. CO.

*(Circuit Court, E. D. Texas.* December 31, 1887.)

COURTS—FEDERAL JURISDICTION—DISTRICT WHERE SUIT MAY BE BROUGHT—ACT OF MARCH 3, 1887.

Act of congress of March 3. 1887, § 1, provides that suit shall be brought in the district of the residence of either party, when the action is between citizens of different states. *Held,* that federal courts will take jurisdiction when plaintiff is a resident of the district wherein he brings suit, and defendant a corporation created by laws of a foreign state.

At Law. On motion to arrest judgment.
*Brady & Ring,* for plaintiff.
*Waul & Walker,* for defendant.

SABIN, J. This is a motion in arrest of judgment for the want of jurisdiction. The petition was filed October 21, 1887, and the answer thereto November 29, 1887. The cause was tried December 7, 1887, resulting in a verdict for plaintiff for $2,500; and defendant filed a motion for new trial herein, December 9, 1887, which was overruled, December 22, 1887; and thereafter, December 26, 1887, defendant filed his motion herein in arrest of judgment. The petition alleges that the plaintiff is a citizen of the state of Texas, residing in the county of Harris, in said state; and that defendant is a corporation, duly organized under the laws of the state of Kentucky, being engaged in a general railroad business in Harris county, in the state of Texas, and having an agent and managing officer in charge of its business in said Harris county, Texas. I may here state that Harris county is in the Eastern district of the state of Texas, and that the suit is one to recover damages sustained by plaintiff while engaged as a brakeman on the roads operated by defendant. The citation was served on C. C. Gibbs, acting agent of defendant, October 26, 1887. The defendant appeared and filed an answer to the petition, November 29, 1887, denying each and every allegation thereof, and then, further answering, set up several special defenses on the merits, and upon which the cause was tried with a jury, resulting in a verdict as above stated. The answer raised no point of jurisdiction; neither was there any special exception of any kind, nor any general demurrer. It was a fair and square defense upon the merits as set forth therein. But, the verdict and judgment having gone against the defendant, it now asks for an arrest of judgment—*First,* because the court had no jurisdiction therein when the suit was instituted; *second,* because it appears by the petition and pleadings in the cause that the plaintiff, A. A. Rawley, on the twenty-first day of October, 1887, the time of filing the petition, and the institution of said suit, was a citizen of the state of Texas, and that the defendant, the Southern Pacific Company, is a corporation under the laws of the state of Kentucky, and it does not appear by said petition or pleadings that the defendant is an inhabitant of the Eastern district of Texas; *third,* and for other reasons ap-

parent on the face of the proceedings in the case. In reply to which it is claimed by the plaintiff that he was at the time of the filing of this suit a resident of this district, and a citizen of Texas; and that although the defendant may have been an inhabitant of Kentucky, that its appearance and answer, and going to trial upon the merits, without exception to the jurisdiction, was a waiver of any privilege it might have had (but none is admitted) to have been sued elsewhere, and not here. It is further claimed by plaintiff that the suit was rightly brought, and that this court would have had jurisdiction had no appearance or answer been filed herein. In both of which views I fully concur.

In Texas, citations are served in suits against corporations on the president, secretary, or treasurer of such company, or upon the local agent representing such company in the county in which the suit is brought. See article 1223, Rev. St. Tex. And it has been held by this court, in the case of *Angerhoefer* v. *Bradstreet Co.*, 22 Fed. Rep. 305, that a corporation is found personally present in its local agent, and such is the practice in this state. But there is no exception to the service upon the local agent; the motion presented taking a much wider range. It claims that this court not only has no jurisdiction herein, but that it is prohibited from taking any jurisdiction whatever, because the defendant is not an inhabitant of this district; and that consent cannot confer the jurisdiction, either by stipulation, or by appearance and the making of defense and trial herein without exception. It is very plain that no method could be resorted to, when the jurisdiction rested solely upon the citizenship of the parties in different states, by which citizens of the same state could confer jurisdiction upon the court. Stipulations in such a case would be of no avail; filing of suit, citation, appearance, and defense, accompanied even by a craving that the court would take or have or allow jurisdiction, would be of no avail. No court of the United States would permit it. But where the parties respectively, and taken together, have the elements of jurisdiction in themselves, being antagonists, and the one sues the other in either a different division of a district from his residence, or in a different district from his residence, he being a citizen of a state other than that of the plaintiff, and the plaintiff being a resident of such district, he could undoubtedly come in and make defense; and by so doing, without exception, he would no doubt effectually waive his jurisdictional privileges, and the court would have jurisdiction through the elemental jurisdictional qualities of the parties, and the incidental recognition of the jurisdiction of the court by making a defense upon the merits without protest or exception.

I think that I might stop here, and with propriety overrule the motion in arrest of judgment, and would do so but for the very able argument presented by the counsel for the defendant, and supported by the case of *County of Yuba* v. *Mine Co.*, 32 Fed. Rep. 183, to the effect that section 1 of the act of March 3, 1887, amending the act of March 3, 1885, to determine the jurisdiction of circuit courts of the United States, etc., absolutely forbids this court from taking jurisdiction of this cause; the defendant not being an inhabitant of this district. I do not consider that

such is the effect or intent of that statute, but the contrary. The decision referred to clearly sustains all that is claimed for it by the defendant; but I dissent therefrom, as I am unable to concur with the very learned judge who delivered the opinion, or the eminent jurists who concurred therein, so far as it in any way affects the jurisdiction of this court, *where it is founded only on the fact that the action is between citizens of different states.* The clauses of section 1 relied upon by defendant are precisely the same in both acts, commencing with the word "but," down to and including the word "inhabitant," with the exception of the word "of" in the last act, which is plainly intended to be "or," as in the first act. The punctuation is dissimilar, but the sense is the same. In the last act, the subjects are continuous, but divided by semi-colons without the use of a period; as, in one instance, in the first act, they are as follows, viz.:

| 1875. | 1887. |
|---|---|
| "But no person shall be arrested in one district for trial in another, in any civil action before a circuit or district court. And no civil suit shall be brought before either of said courts against any person by any original process *or* proceeding in any other district than that whereof he is an inhabitant," | "But no person shall be arrested in one district for trial in another, in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process *of* proceeding in any other district than that whereof he is an inhabitant;" |

It looks to me very plain that in the absence of the residence of the plaintiff herein in this district, that if those portions of that section—the one stopping at a comma, and the other at a semi-colon, each being only a portion of a sentence—were either the whole of it, or alone to be considered, that this court would not have any jurisdiction of this cause, nor could any species of consent give it jurisdiction. But unfortunately for the argument of counsel for the defendant, and the conclusions reached by the court in the case above referred to, there is a little more of the statute connected therewith, and as a part thereof, and embraced as a portion of each of the foregoing provisions, viz.:

| 1875. | 1887. |
|---|---|
| "Or in which he shall be found at the time of serving such process, or commencing such proceeding, except as hereinafter provided." | "But, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." |

What is the difference now between those two continuations, and what is the effect upon the present jurisdiction? Why under the act 1875 a citizen of one state could sue a citizen of another state in any district in which he might be found, notwithstanding the prohibition in question, while under the new law he can only sue the defendant in the districts of the residence "of either the plaintiff or the defendant." In this case, the plaintiff brought the suit in the district of his residence, and the defendant was cited into court in conformity with the state law by service on the local agent, or agent representing the company in Harris county,

in this district. This was as much the district to sue the defendant in as any district in Kentucky. Under the new law, (1887,) you cannot sue the defendant in any district wherein he may be found; but, if in a suit where the *jurisdiction is founded wholly on the fact that* the action is between citizens of different states, he can only be sued either in the district of the residence of the plaintiff or the defendant. Formerly, in such case, the defendant could be picked up and sued in any district where he might be found; but it is not so now. A reference to the two statutes printed in opposite columns is made to the 120 U. S. 786 *et seq.*, for a more full and perspicuous comparison of the laws in question.

The jurisdiction of this court in this case is unquestionable, and the motion in arrest of judgment herein must be overruled, and it is so ordered.